## Case No. 15,951.

UNITED STATES v. ONE PIECE OF SILK.

[See Case No 15,925.]

---

## Case No. 15,952.

UNITED STATES v. ONE RECTIFYING ESTABLISHMENT.

[11 Int. Rev. Rec. 45.]

District Court, N. D. Mississippi. Dec. Term, 1869.

INTERNAL REVENUE—ACT OF 1868, § 96—PENALTY —KNOWLEDGE AND INTENT.

1. The penalties prescribed in section 96 of the internal revenue act of 1868 [15 Stat. 164], held to apply to those who knowingly and wilfully do or omit to do the thing forbidden or required only when there is no specific penalty imposed by any other section of the act.

[Cited in U. S. v. 4,800 Gallons of Spirits, Case No. 15,153; U. S. v. 95 Barrels of Distilled Spirits, Id. 15,889; U. S. v. 95 Barrels of Distilled Spirits, Id. 15,890; U. S. v. 1,412 Gallons of Distilled Spirits, Id. 15,960; U. S. v. 200 Barrels of Whisky, 95 U. S. 575.]

2. And to incur the penalties under section 96 the violator of the law must have a knowledge that he is doing or omitting to do the act forbidden or required, and intends so to do.

The questions presented for the decision of the court arise upon the demurrer of claimants [Bowling & Reed] to the information filed by the district attorney upon the part of the United States. The first count in the information alleges, in substance, that the property seized and sought to be forfeited was found in a building which was then, and had for a long time before that time been used as a rectifying establishment of liquors, compounders of liquors, and wholesale liquor dealers, and that all the property seized was then being used for that purpose; that the said liquors had been removed from a distillery warehouse without being gauged, stamped, and branded, as required by the 25th section of the act of 1868, imposing taxes on distilled spirits, and for other purposes, approved the 20th of July of that year. This count also contains an allegation that said claimants as such rectifiers of distilled spirits on said premises, filled for shipment and sale rectified spirituous liquors in casks and packages without having the same inspected, gauged and stamped, as required by law; also as wholesale liquor dealers, they filled in casks and packages, on said premises, spirituous liquors for the shipment, sale and delivery, without having the same gauged, inspected, and stamped, as required by the 25th section of said act; all of which omissions were knowingly and wilfully omitted and neglected. The grounds of demurrer to this count are: 1. That section 25 imposes no penalty on the owner of the spirits. 2. That the number of gallons is not stated. 3. That the number of gallons placed in each cask is not stated. 4. That the number of gallons placed in each cask filled for shipment, sale, or delivery, is not stated.

Edwin Hill, U. S. Dist. Atty.

H. W. Walters and W. S. Featherston, for claimants.

HILL, District Judge. After a most careful examination of the question raised upon the first ground of demurrer, I am satisfied that the law does impose a duty upon the rectifier or wholesale liquor dealer in the 25th section, the knowingly and wilfully omitting and neglecting of which, under section 96, does forfeit all the spirituous liquors owned by such party. The second clause in section 25 provides that whenever any cask or package of rectified spirits shall be filled for shipment, sale, or delivery, on the premises of any

rectifier who shall have paid the special tax required by law, it shall be the duty of the United States gauger to gauge. inspect, and stamp the same as therein directed. The third clause makes the same provisions in relation to wholesale dealers. It is true that the gauging, inspecting. and stamping is to be done by the United States gauger, but it is equally true that the rectifier or dealer, when he does have his casks filled, is to call upon the gauger to perform his duty, and he is not permitted to fill his casks without causing the same to be gauged, inspected, and stamped, as required by law. The object of the law is that the revenue officers, upon an inspection of the casks in such establishments, may know whether or not the law has been complied with. This section does not impose any penalty on the rectifier or dealer; hence the application of the 96th section. The case provided for in section 47 is where distilled spirits are drawn from one cask and placed in another cask, containing not less than ten gallons, intended for sale, no matter by whom done, or where done, the spirits filled shall be again inspected and gauged. and the cask into which they are placed shall be marked or branded, etc. Section 25 is confined to rectifiers and wholesale dealers, and is not limited to the quantity, as in section 47. Wholesale liquor dealers are those who sell in a quantity not less than five gallons; consequently all sales of five gallons or more must be inspected, gauged, and stamped; and, as to rectifiers, all casks filled by them for shipment, sale, or delivery, no matter in what quantities, must be inspected, gauged, and stamped. But to render the party liable to the penalties under section 96, the filling of the casks, and the omission to cause the same to be so inspected, gauged,· and stamped, must be alleged and proved to be knowingly and wilfully done, or neglected to be done, as the case may be; all of which is averred in this count. so that this ground of demurrer is not well taken. The second, third. and fourth causes of demurrer are substantially the same; the allegations as to quantity are sufficient. There is however a cause of demurrer, which in argument was not insisted on. or set down as a cause of demurrer. but which as a general demurrer does apply to this count; and that is. it contains two distinct offences, for which a different penalty is imposed by way of forfeiture. First, it is charged that the spirits were removed from a distillery warehouse. without having been inspected, gauged, and stamped, as required by law: this is in substance a charge that they were so removed without having been removed according to law. The spirits so removed, and only such spirits, became, under section 36, forfeited. The forfeiture under section 96, as above stated, forfeits not only the spirits filled up, but all the spirits owned by the rectifier or dealer. These two charges, therefore, should have been embraced in separate counts, and for this cause the demurrer to this count

is sustained. The second count avers that said spirits so seized were removed from a distillery warehouse without being removed according to law. The cause of demurrer thereto is that neither the quality nor number of casks is designated. This is unnecessary. The demurrer to this count is therefore overruled.

The third count avers that claimants knowingly and wilfully omitted to make the entries required by section 45 in relation to the spirits seized. The forfeiture under this count is claimed under section 96 of the act of 1868. It is insisted for claimants that section 96 does not apply to this offence, the penalty for the omission stated being fixed in section 45. Thus a construction of the true intent and meaning of section 96 becomes important, not only in this case, but in numerous others of like character. Upon the original argument of this question, in this and other cases of a similar character, the district attorney, with both zeal and ability, insisted that the penalties imposed by this section apply to acts or omissions knowingly and wilfully done or omitted to be done. which were forbidden or required by any other section of the act, although there is a penalty specifically imposed for the mere act or omission without more. The converse of this proposition was also zealously and ably argued by counsel for the respective claimants. The question was then a new one,. without any judicial construction upon it, so far as I knew. After a most laborious examination of the question I came to the conclusion that the construction claimed by the district attorney was not the correct one, but that congress only intended this section to apply to violations by commission or omission for which no specific penalties were imposed by any other section of the act, and not then unless the thing forbidden was both knowingly and wilfully done, or if the offence was by omission, that it was both knowingly and wilfully omitted. And with this conclusion I was satisfied, until I met with Judge Blatchford's opinion in which he maintains fully the position claimed by the district attorney. Quantity of Distilled Spirits [Case No. 11,495]. Finding myself opposed in my construction by so able a jurist, and one for whose judicial opinions I entertain the highest regard, I at once questioned the correctness of my own conclusions, and requested a re-argument, with such additional light as might be thrown upon the question by the opinion of the learned judge. I have listened with deep interest to the able re-argument, and have examined closely the opinion mentioned, and with these aids have re-examined the questions, with a desire to at least satisfy my own mind as to a correct construction of the intention of congress in reference to this section, and also desirous to agree. as far as possible, with the distinguished jurist who had already given it his construction, and thereby preserve uniformity in the enforcement of this law; but instead of coming to that agreement in opin-

ion, I find myself unable to change the conclusions to which I had before arrived. In many of the conclusions of the learned judge in the case mentioned I fully concur; the only point of difference is that he believes the act throughout makes a distinction between an act knowingly and wilfully done or omitted, and one in which such knowledge and intention is wanting; that to the former the 96th section applies, and to the latter the specific penalties enumerated. In this I cannot concur. It is clear to my mind that when a specific penalty is imposed, whether the act or omission was a knowing or wilful one or not, such specified penalties alone are imposed, and that the 96th section was only intended to apply to such acts or omissions mentioned in the different sections, for which no specific penalties are imposed, and only then when such act or omission was both knowing and wilful. By reference to sections 9, 11, 15, 16, 17, 23, 25, 48, and other sections, it will be found that many things are required or forbidden, for which no specific penalty is imposed; and when omitted or done knowingly and wilfully, the penalties imposed by this important section will be enforced. The section reads as follows: "That if any distiller, rectifier, wholesale liquor dealer, compounder of liquors, or manufacturer of tobacco or cigars, shall knowingly and wilfully omit, neglect, or refuse to do, or cause to be done, any of the things required by law in the carrying on or conducting his business, or shall do anything by this act prohibited, if there be no specific penalty or punishment imposed by any other section of this act for the neglecting, omitting, or refusing to do, or for the doing or causing to be done, the thing required or prohibited, he shall pay a penalty of one thousand dollars; and if the person so offending be a distiller, rectifier, wholesale liquor dealer, or compounder of liquors, all distilled spirits or liquors owned by him, or in which he has an interest as owner; and if he be a manufacturer of tobacco or cigars, all tobacco or cigars found in his manufactory, shall be forfeited to the United States." It will be seen that after the imposition of the penalty of one thousand dollars, it further provides, that if the person so offending be a distiller, etc. It is clear to my mind that that language was intended to apply to those who knowingly and wilfully do, or omit to do, the thing forbidden or required, and for which no specific penalty is imposed by any other section of the act. Had the section read, "he shall, in addition to the other penalties imposed, pay a penalty," etc., then the construction contended for by the district attorney would have been the correct one; but this sentence is not to be found in the section, and is not necessarily implied to give full meaning and effect to it; and language should not be interpolated into a penal act, which will change its meaning from its ordinary construction and sense. The position contended for by counsel that the violator must know that the thing done or

omitted is a violation of law, and that he purposely intends a violation of law, before he can be held a violator of the law, is incorrect. No man is under obligation to engage in these pursuits; but if he does, he is under obligation to inform himself of what the law requires or forbids, and if he fails so to do, must bear the consequences of his acts and the requirements of the law violated; but to incur the penalties under this section, he must have a knowledge that he is doing or omitting to do the act forbidden or required, and intend to do it. It is to be hoped that this important question will be speedily settled by the supreme court, so that the law may be uniformly enforced in every part of the Union. The result of the conclusion to which I have again arrived requires that the demurrer to this count be sustained.

The fourth count charges the claimants with having been the owners of a distillery in the town of Holly Springs, which they carried on and operated without having given the bond required by said act of July 20, 1868; also that they carried on said distillery with intent to defraud the United States out of the tax on the spirits so distilled, or some part of it; also that they carried on said distillery without having the same with its appurtenances constructed, painted, arranged, etc., according to the requirements of section 17 of said act, which omission was knowingly and wilfully done. The objection to this count is that it embraces three distinct offences, the first and second of which work a forfeiture of not only the spirits, but the wines, stills, and appurtenances fit to be used, or intended to be used, in the distillation, rectification, or compounding of liquors; the latter forfeits only the spirits owned by the claimants, if the facts alleged should be proved. When separate offences are alleged requiring a different judgment of forfeiture, they should be charged in different counts. For the reason that these separate and distinct offences are charged in the same count, the demurrer to this count is sustained, but with leave to the district attorney to amend the first and fourth counts by striking out such of the charges as he may desire, and adding new counts.